1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janis Verderose, individually and as Personal Representative of the Estate of Daniel L. Verderose and Louis Verderose, <br><br> Plaintiffs, <br><br> vs. <br><br> Envisedge, LLC, an Arizona limited liability company, d/b/a Strong Mortgage Solutions; Leroy, Lenard, Howard & Associates, LLC, d/b/a/ Strong Mortgage Solutions; and Brian Loiselle and Margaret Loiselle, husband and wife, <br><br> Defendants. | No. CV-09-00280-GMS-PHX-GMS <br><br> **ORDER** |

Pending before the Court is Plaintiffs' Motion for Partial Summary Judgment (Dkt. # 47) as to Defendants Leroy, Lenard, Howard & Associates, LLC and Brian Loiselle. For the following reason, the Court grants Plaintiffs' motion.

## BACKGROUND

Plaintiffs Janis and Louis Verderose are the parents of Daniel Verderose, who passed away on February 22, 2008. At the time of his death, Daniel was working for Leroy, Lenard, Howard & Associates, LLC, doing business as Strong Mortgage Solutions. During his employment there, Daniel participated in a 401(k) Benefit Plan and was 100% vested in the

money in his account, but he had not named a beneficiary. Defendant Brian Loiselle, a member of Strong Mortgage Solutions, acted as Plan Administrator, and the Plan was managed on a daily basis by a company called Paychex.

On March 18, 2008, Louis Verderose first contacted Loiselle, asking that he complete the requisite paperwork so that the 401(k) account funds could be released to Louis and Janis, as Daniel's parents and heirs. Plaintiffs then brought a completed distribution form to Loiselle's office for his signature, but Loiselle indicated he had already signed and completed a form. On the previous form, however, Loiselle had listed the beneficiary as "UNKNOWN," and Paychex would not release the funds based on that form. On March 29, Plaintiffs informed Loiselle that Paychex would not accept the previous form, and Strong Mortgage Solutions and Loiselle indicated that they would only authorize the funds be released to Daniel's Estate in accordance with a court order. On May 9, 2008, Plaintiffs presented Loiselle with an Affidavit for Collection of All Personal Property, as required by Ariz. Rev. Stat. § 14-3971(B) for the disposition of assets when the deceased's estate totals less than $50,000.[1] Strong Mortgage Solutions and Loiselle indicated they would only authorize the release of the funds to the Estate itself via a court appointed Personal Representative.

Accordingly, on November 24, 2008, Plaintiffs had Janis Verderose appointed personal representative of the Estate of Decedent. The parties dispute whether Plaintiffs informed Defendants of the appointment prior to February 12, 2009, but agree that on that

---

[1] Ariz. Rev. Stat. § 14-3971(B) provides that a decedent's successor is entitled to the personal property rights of the decedent, if he or she presents the possessor of said rights with an affidavit attesting all of the following:

"1. Thirty days have elapsed since the death of the decedent.
2. Either:
    (a) An application or petition for the appointment of a personal representative is not pending and a personal representative has not been appointed in any jurisdiction and the value of all personal property in the decedent's estate, wherever located, less liens and encumbrances, does not exceed fifty thousand dollars as valued as of the date of death.
    (b) The personal representative has been discharged or more than one year has elapsed since a closing statement has been filed and the value of all personal property in the decedent's estate, wherever located, less liens and encumbrances, does not exceed fifty thousand dollars as valued as of the date of the affidavit.
3. The claiming successor is entitled to payment or delivery of the property."

date the Plaintiffs filed the instant suit, seeking payment of the account funds and a court order demanding the completion of the requisite documents to ensure the funds' release. (Dkt. ## 48 at 4; 50 at 3.) Defendants initially indicated they were going to wait until the outcome of the lawsuit to file paperwork with Paychex, but on May 8, 2009, Defendants submitted a completed Paychex Employer Authorization for Distribution of Death Benefits form. The form, however, improperly named Roger C. Decker, Plaintiffs' attorney, as the contact person, rather than naming Janis Verderose. Plaintiffs requested that Defendants fill out the paperwork so that Janis Verderose was listed as the recipient. (Dkt. # 48 at 5.) Defendants maintained that the form was correct and would not amend it. (Dkt. # 50 at 3.)

On December 4, 2009, Plaintiffs filed a Motion for Partial Summary Judgment as to Defendants Leroy, Lenard, Howard & Associates, LLC, and Brian Loiselle. (Dkt. # 47.) Plaintiffs contend that they are entitled to payment of the 401(k) account funds. (*Id.* at 3.) They further claim that they are entitled an award of prejudgment interest for the delay in payment. (*Id.*) Defendants agree that Plaintiffs are entitled to the account balance, but they maintain that Plaintiffs are partially to blame for the delays and are, therefore, not entitled to prejudgment interest or any other costs or fees. (Dkt. 49 at 1.)

In the time since the instant motion was filed, Defendants submitted a distribution form to Paychex that listed Janis Verderose as the authorized recipient of the distribution. (Dkt. # 53 at 1.) On January 6, 2010, Paychex paid to Defendant Janis Verderose the balance of the account, less taxes. (*Id.*) The remaining question concerns whether Plaintiffs should receive an award of prejudgment interest. Plaintiffs claim that interest is due them under 29 U.S.C. § 1132(a)(1)(B) as an implied benefit under [the] Employee Retirement Income Security Act ("ERISA") plan or alternatively, under 29 U.S.C. § 1132(a)(3) as "appropriate equitable relief" for delayed payment of benefits. (Dkt. # 47 at 2–3.)

## LEGAL STANDARD

A court must grant summary judgment if the pleadings and supporting documents viewed in the light most favorable to the non-moving party "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(c). Material facts are those that might affect the outcome of the suit, and a dispute as to a material fact is "genuine" if the disputed evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Then, the burden is on the nonmoving party to establish a genuine issue of material fact. *Id.* at 322–23. Because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, . . . [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

## DISCUSSION

### I. Relief Available Under 29 U.S.C. § 1132 (a)(1)(B)

29 U.S.C. § 1132 (a)(1)(B) provides:

> (a) Persons empowered to bring a civil action. A civil action may be brought--
> (1) by a participant or beneficiary–
> \* \* \*
>    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

As the Ninth Circuit has recognized, "ERISA authorizes actions to recover benefits against the Plan as an entity . . . and against the Plan's administrator." *Ford v. MCI Commc'ns Corp. Health and Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005) (citing 29 U.S.C. § 1132(a)(1)(B), (d)(1)); *see also Everhart v. Allmerica Fin. Life Ins. Co.*, 275 F.3d 751, 754 (9th Cir. 2001).[2] Neither party disputes that Defendant Loiselle is the Plan Administrator,

---

[2] As another division of this Court has recognized, "Ninth Circuit law is not entirely clear on who is a proper defendant for a § 1132(a)(1)(B) claim." *Spinedex Physical Therapy USA, Inc. v. United Health Care of Ariz.*, 661 F. Supp.2d 1076 (D. Ariz. 2009). In *Gelardi v. Pertec Comp. Corp.* 761 F.2d 1323, 1324 (9th Cir. 1985), for instance, the Ninth Circuit dismissed an ERISA

- 4 -

"the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. §1002(10)(A)(i). (Dkt. ## 48 at 2; 50 at 1.) As Plan Administrator, Loiselle is a proper defendant in this action.

It is also undisputed that the terms of the plan do not expressly provide for recovery of interest on withheld benefits payments. Plaintiffs instead claim that interest is due to them under 29 U.S.C. § 1132(a)(1)(B) as "an implied benefit under [the] ERISA plan." Currently there is no Ninth Circuit authority on this specific issue, and other courts have reached divergent conclusions. Two circuits have determined not to allow the recovery of interest under § 1132(a)(1)(B), choosing to rely on the explicit terms of the respective plans in making their decisions. *See Flint v. ABB, Inc.*, 337 F.3d 1326,1330–1331 (11th Cir. 2003); *Clair v. Harris Trust & Savings Bank*, 190 F.3d 495, 497 (7th Cir. 1999). Other courts, however, have suggested in dicta that implied benefits may be recovered under § 1132. *See Dunnigan v. Metro. Life Ins. Co.*, 277 F.3d 223, 231 (2d Cir. 2002); *Babcock ex rel. Computer Mgmt. Scis., Inc. v. Computer Assocs. Int'l, Inc.*, 186 F.Supp.2d 253, 260 (E.D.N.Y. 2002). Following this trend, district courts have held that interest is recoverable as an "implied benefit" under the concept of the "time value of money." *See Dobson v. Hartford Life & Accident Ins. Co.*, 518 F.Supp.2d 365, 373–375 (D. Conn. 2007); *Smith v. Earhart*, 2009 WL 62874, *10 (D. Mont. Jan. 9, 2009). To permit a Plan or Plan Administrator to retain the benefit of delayed payments incentivizes the delayed processing of payments and frustrates the purposes of the statute.

As recognized in *Dobson* and *Smith*, interest on delayed benefits can be implied into the terms of an ERISA plan as a "benefit" based on the notion of the "time value of money:

---

claim for benefits against a plan administrator because "ERISA permits suits to recover benefits only against the Plan as an entity." Subsequent authority, however, makes clear that a plaintiff may recover plan benefits against the plan as an entity or the plan administrator as an individual. *See e.g.*, *Ford*, 399 F.3d 1081; *see also Moody v. Liberty Life Assur. Co.*, 2007 WL 1174828, at *4 (N.D. Cal. April 19, 2007) ("The Ninth Circuit has recognized that the plan itself, in addition to the plan administrators, are proper parties to a suit under § 1132(a)(1)(B)."). Though the Ninth Circuit has never explained this apparent discrepancy, the more recent authority holds that a plaintiff may bring a claim for benefits against a plan administrator only.

'[i]f benefits are not paid until after they are due, beneficiaries receive less monetary value than they are contractually entitled to.'" *Dobson* at 374 (quoting *Dobson v. Hartford Fin. Services Group, Inc.*, 389 F.3d 386, 395 (2d Cir. 2004). Payment of plan benefits "*at the time provided* is the 'benefit'" due; if benefits are paid at a later date, then "the value of those benefits must include accrued interest to replace their otherwise diminished value to the plaintiff." *Dobson* at 374. This determination coincides with the justifications for a presumption in favor of prejudgment interest expressed in *Moore v. Capitalcare, Inc.*, 461 F.3d 1, 13 (D.C. Cir. 2005): "First, to permit the fiduciary to retain the interest earned on wrongfully withheld benefits would amount to unjust enrichment . . . [s]econd, prejudgment interest ensures that a beneficiary is fully compensated, including for the loss of the use of money that is his . . . [and f]inally, prejudgment interest promotes settlement and deters any attempt to benefit unfairly from inevitable litigation delay."

    In this case, Plaintiffs did not receive the account balance until nearly two years after their son's death, despite their efforts to get the funds released. Neither party disputes that on May 9, 2008, Plaintiffs presented Defendants with an Affidavit for Collection of Personal Property, properly executed and notarized, and an Assignment of Interest to Janis Verderose by Louis Verderose. Defendants offer no facts to suggest that as a matter of law this affidavit was insufficient to require Defendants to fill out the appropriate paperwork allowing Paychex to release the plan funds to the Plaintiffs. Ariz. Rev. Stat. § 14-3971(B)(2). An award of prejudgment interest running from the date of May 9, 2008 is necessary to provide Plaintiffs the full value of the benefits of the plan that they were denied by this delay. Plaintiffs are entitled to summary judgment on the issue of prejudgment interest, granted under 29 U.S.C. § 1132(a)(1)(B).

    The Ninth Circuit has held that the interest rate applied for postjudgment interest under 28 U.S.C. § 1961 is also appropriate for fixing the rate of prejudgment interest "unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." *W. Pac. Fisheries, Inc. v. S.S. President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984). The interest rate used to calculate prejudgment interest should be the rate

1 statutorily operative immediately prior to the date Defendants were required to release the funds. *See Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1391 (9th Cir. 1994). Accordingly, this Court directs Defendants to pay to Plaintiffs appropriately calculated prejudgment interest accruing from May 9, 2008 up to and through the date of judgment.

**II.     Relief Available Under 29 U.S.C. § 1132(a)(3)**

Plaintiffs alternatively claim that interest is due to them under 29 U.S.C. § 1132(a)(3) as "appropriate equitable relief" for delayed payment of benefits. The Supreme Court has characterized 29 U.S.C. § 1132(a)(3) as a "catchall provision" that acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that [29 U.S.C. § 1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). In this case, "[e]quitable relief under section 1132(a)(3) is not 'appropriate' because section 1132(a)(1) provides an adequate remedy." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997); *see Ford v. MCI Commc'ns Corp. Health and Welfare Plan*, 399 F.3d 1076, 1083 (9th Cir. 2005).

**IT IS THEREFORE ORDERED:**

1. Plaintiffs' Motion for Partial Summary Judgment under 29 U.S.C. § 1132(a)(1)(B) is **GRANTED**.

2. Plaintiffs are directed to file a proposed form of judgment on or before **April 21, 2010**.

DATED this 14th day of April, 2010.

_____
G. Murray Snow
United States District Judge